UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHID DEARY-SMITH, | No. 2:14-cv-2782-MCE-EFB P |
| Plaintiff, | |
| v. | ORDER |
| JOHN P. WINN, | |
| Defendant. | |

Plaintiff is a county prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The docket reflects that the following complaints and related documents have been filed with the court: (1) an original complaint filed on November 26, 2014; (2) an amended complaint filed on December 29, 2014; (3) a request for an extension of time; and (4) over 300 pages of exhibits on January 15, 2014. *See* ECF Nos. 1, 4, 10, 11. The court cannot conduct the required screening of these documents, including "plaintiff's" complaints, because plaintiff has not signed

1

1  them. Rather, a person named "Patricia L. Smith" has signed the documents, purporting to be
2  plaintiff's "Attorney in Fact." In another filing titled "Counsel of Choice," Ms. Smith admits that
3  she is not "schooled in the law." ECF No. 12 at 1.
4        Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written
5  motion, and other paper . . . be signed by at least one attorney of record in the attorney's name—
6  or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). In addition, Local
7  Rule 183(a) requires that any individual who is representing himself without an attorney must
8  appear personally or by courtesy appearance by an attorney and may not delegate that duty to any
9  other individual. E.D. Cal. L.R. 183(a). Accordingly, Ms. Smith may not file and sign
10 documents on behalf of plaintiff or otherwise represent plaintiff's interests in this action. *See*
11 *Johns v. County of San Diego*, 114 F.3d 874, 876-877 (9th Cir. 1997) (a non-lawyer has no
12 authority to appear as an attorney for another, and general power of attorney does not give non-
13 lawyer right to assert the personal constitutional claims of another); *Robles v. Mgmt. & Training*
14 *Corp.*, No. 1:09-cv-1279-AWI-GSA, 2010 U.S. Dist. LEXIS 92155 (E.D. Cal. Aug. 5, 2010)
15 (denying plaintiff's motion to allow his daughter, a non-attorney, to represent him in lawsuit).
16       Because plaintiff did not sign any of the complaints filed with the court, they must be
17 disregarded. Within thirty days, plaintiff may file a signed complaint. That complaint must
18 identify all defendants in both the caption and the body, and clearly set forth the allegations
19 against each individual defendant. Pursuant to Rule 8 of the Federal Rules of Civil Procedure,
20 any complaint must include "a short and plain statement of the claim" showing entitlement to
21 relief. Fed. R. Civ. P. 8(a)(2).
22       Plaintiff is also hereby informed that it is his responsibility to allege facts to state a
23 plausible claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Moss v. U.S. Secret*
24 *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). In order to state a claim under 42 U.S.C. § 1983, a
25 plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the
26 violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487
27 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).
28 /////

1      A complaint must show that the federal court has jurisdiction and that plaintiff's action is
2 brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and
3 must contain a request for particular relief.  Plaintiff must identify as a defendant only persons
4 who personally participated in a substantial way in depriving plaintiff of a federal constitutional
5 right.  *Johnson*, 588 F.2d at 743-44 (9th Cir. 1978) (a person subjects another to the deprivation
6 of a constitutional right if he does an act, participates in another's act or omits to perform an act
7 he is legally required to do that causes the alleged deprivation).  That is, plaintiff may not sue any
8 official on the theory that the official is liable for the unconstitutional conduct of his or her
9 subordinates.  *Iqbal*, 129 S. Ct. at 1948.  Because respondeat superior liability is inapplicable to §
10 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's
11 own individual actions, has violated the Constitution."  *Id.*

12      Accordingly, IT IS HEREBY ORDERED that plaintiff's unsigned filings (including ECF
13 Nos. 1, 4, 10, and 11) are disregarded.  If plaintiff wishes to proceed with this action, he may file
14 a new complaint within 30 days.  Failure to comply with this order may result in a
15 recommendation of dismissal.

16 Dated: September 10, 2015.

                                            EDMUND F. BRENNAN
17                                             UNITED STATES MAGISTRATE JUDGE